

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| vs. | § | CRIMINAL ACTION NO.: 4:19-198-MGL-3 |
| | § | |
| ANTWAN TERELL GASQUE, | § | |
| Defendant. | § | |

---

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

---

## I.    INTRODUCTION

Pending before the Court is Defendant Antwan Terell Gasque's (Gasque) pro se motion asking the Court for a reduction in his sentence due to the COVID-19 pandemic. Having carefully considered the motion, the response, the supplement to the response, the reply, the letter to the Court from Gasque, the record, and the applicable law, it is the judgment of the Court Gasque's motion to reduce his sentence will be denied.

## II.    FACTUAL AND PROCEDURAL HISTORY

The grand jury indicted Gasque on one count of conspiring with others to knowingly, intentionally, and unlawfully possess with intent to distribute marijuana, cocaine and cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(C), 841(b)(1)(D), and 846 (Count One); two counts of knowingly, intentionally, and unlawfully possessing with intent to distribute and distributing a

quantity of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and  841(b)(1)(C) (Counts Two,

Three), as well as a forfeiture account.

On November 5, 2019, Gasque pled guilty to Count Three, and the Court, on January 8,

2020, sentenced him to a term of imprisonment of sixty-three months, and, upon release from

imprisonment, a term of supervised release for three years with standard and special conditions.

Counts One and Two were dismissed upon motion of the government.  Gasque is currently housed

at Federal Correctional Institution Edgefield (FCI Edgefield), and has a projected release date on

or about September 1, 2022.

He filed this motion seeking compassionate release, the government responded and

subsequently filed a supplement to its response, Gasque replied, and he then sent a letter to the

Court.  The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

## III.     STANDARD OF REVIEW

A court may modify a term of imprisonment under only three specific circumstances.  First,

a court may modify a sentence as "permitted by statute or by Rule 35 of the Federal Rules of

Criminal Procedure."   18 U.S.C. § 3582(c)(1)(B); *see also* Fed. R. Crim. P. 35 (allowing a

reduction in sentence upon a motion by the government based on substantial assistance from the

defendant or within fourteen days of the sentence when there is a clear error in the sentence).

Second, a court may modify a sentence when the imposed "term of imprisonment [is] based on a

sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C.

§ 3582(c)(2).

And third, 18 U.S.C. §  3582(c)(1)(A)(i), as amended by the First Step Act, permits

modification of a term of imprisonment upon motion of the defendant after he "has fully exhausted

all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on

the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden

of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A)(i).  If "extraordinary

and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable

policy statements issued by the Sentencing Commission[,]" the Court may reduce a defendant's

term of imprisonment and may impose a term of probation or supervised release that does not

exceed the unserved portion of the original term of imprisonment.  *Id.*  This statute also provides

the Court must consider "the factors set forth in [S]ection 3553(a) to the extent that they are

applicable[.]"  *Id.*

The applicable Sentencing Commission policy statement referenced in Section

3582(c)(1)(A) is found at U.S.S.G. § 1B1.13 ("Reduction in Term of Imprisonment Under 18

U.S.C. § 3582(c)(1)(A)").  U.S.S.G. § 1B1.13 provides that the Court may reduce a term of

imprisonment if the Court determines 1) "extraordinary and compelling reasons warrant the

reduction,"; 2) "the defendant is not a danger to the safety of any other person or to the community,

as provided in 18 U.S.C. § 3142(g),"; and 3) "the reduction is consistent with this policy

statement."  U.S.S.G. §1B1.13.  However, U.S.S.G. § 1B1.13 addresses motions for reductions

that are filed by the Director of the BOP and it does not contain a policy statement that specifically

addresses motions for reductions that are filed by an inmate defendant.

The Fourth Circuit recently issued a published opinion providing guidance on the

arguments district courts can consider in determining whether "extraordinary and compelling"

reasons exist to grant compassionate release.  *United States v. McCoy*, 981 F.3d 271 (4th Cir.

2020).  In *McCoy*, the Fourth Circuit discerned "[t]here is of now no 'applicable' policy statement

governing compassionate-release motions by defendants under the recently amended

3

§ 3582(c)(1)(A), and as a result, district courts are "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). Ultimately, the determination of whether extraordinary and compelling reasons exist in a particular case is a question reserved to the sound discretion of the district court.

## IV.     DISCUSSION AND ANALYSIS

Gasque fails to argue either of the first two scenarios are applicable. Rather, he moves for a reduction solely on the basis of the third circumstance, alleging COVID-19 qualifies as an extraordinary and compelling reason to warrant relief.

Prior to addressing the merits of Gasque's motion, the Court will analyze whether the Court has jurisdiction. Gasque, on July 11, 2020, filed a request with the Warden of FCI Edgefield for compassionate release, and, according to the government, "it appears the BOP either did [not] respond to, or denied, [Gasque's] request." Government's Suppl. to Resp. at 1. The government "agrees the Court would have jurisdiction to resolve this claim on the merits[.]" *Id.* Accordingly, the Court accepts the government's position and will decide Gasque's motion on the merits.

Turning to the merits of Gasque's motion, as discussed above, the Court may reduce a defendant's sentence if it concludes extraordinary and compelling reasons warrant such a reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *McCoy*, 981 F.3d at 284. The Court must also consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

4

A.     *Whether Gasque presents extraordinary and compelling reasons warranting a reduction of his sentence*

According to the Final Presentence Investigation Report (PSR) issued on or around December 2, 2019, "Gasque reported that he is in good physical health."  PSR ¶ 77.

In Gasque's motion, he fails to contend he suffers from any medical conditions or ailments. Gasque argues the general threat of COVID-19 constitutes a compelling reason warranting a reduction in his sentence.  The government, in its response, notes the mere existence of COVID-19 fails, by itself, fails to equal extraordinary and compelling circumstances warranting release. The Court agrees.

Furthermore, and most importantly, evidence of Gasque's current placement heavily weighs against a determination extraordinary and compelling reasons warrant a reduction in his sentence.  According to the BOP COVID-19 case tracker, zero inmates at FCI Edgefield are currently positive for COVID-19.  *See COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Apr. 16, 2021).  The fact that FCI Edgefield has zero inmates currently positive for COVID-19, the Court concludes, is due in part to the strong vaccination efforts of the BOP in general, as well as FCI Edgefield in particular.

The BOP also maintains a website detailing the number of doses of the COVID-19 vaccine it has received and administered.  *See COVID-19 Vaccine Implementation*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Apr. 16, 2021) (showing the BOP has administered 135,263 doses out of 137,055 received, nearly a ninety-nine percent administration rate).  This website also notes the number of "Full Staff Inoculations Completed" as well as "Full Inmate Inoculations Completed" for each BOP facility.  *Id.*  According to this website, 187 employees of FCI Edgefield have been fully vaccinated, as well as 610 inmates.  *Id.*  And, vaccine doses to inmates are "based on priority of need in accordance with CDC guidelines."  *Id.*

5

Accordingly, the Court concludes Gasque fails to demonstrate extraordinary and compelling reasons warrant a sentence reduction in light of the lack of any underlying health conditions, as well as the extraordinary v and successful vaccination efforts of the BOP. Alternatively, even if the Court concluded Gasque demonstrated extraordinary and compelling reasons warranted a reduction in his sentence under Section 3582(c)(1)(A), his motion would be denied based on an analysis of the Section 3553(a) factors.

### B.    Whether the Section 3553(a) factors weigh in favor of release

As noted above, the Court, in considering a motion for compassionate release, must consider the factors under 18 U.S.C. § 3553(a), as required by 18 U.S.C. § 3582(c)(1)(A). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct . . . [and] to protect the public from further crimes by the defendant;" "the kinds of sentences available;" "any pertinent policy statement[;]" "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

The Fourth Circuit recently noted in a published opinion, "the text of 18 U.S.C. § 3582(c)(1) does not specify what conclusion a district court must draw from the § 3553(a) factors in order to grant a motion for compassionate release" and "§ 3582(c)(1) merely requires district courts to 'consider[]' the relevant § 3553(a) factors." *United States v. Kibble*, No. 20-7009, 2021 WL 1216543, at *4 fn 3 (4th Cir. Apr. 1, 2021) (quoting 18 U.S.C. § 3582(c)(1)). Thus, "this language [provides] the district courts with procedural guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release." *Id.*

Here, the Court concludes the Section 3553(a) factors weigh heavily against release.  The nature of Gasque's offense is serious.  He pled guilty to conspiracy to distributing cocaine base. Cocaine base is a dangerous drug that negatively impacts our society and communities throughout this country.  According to the PSR, Gasque "will be held accountable for 14.4 grams of crack cocaine, 737.1 grams of powder cocaine[,] and 567 grams of heroin."  PSR at 2.

Furthermore, Gasque has served only twenty-four months of a forty-one month sentence, and granting him relief in this case would produce unwarranted sentencing disparities for others accused these serious crimes.   And, as the Court recently sentenced Gasque on January 8, 2020, the balance of the Section 3553(a) factors since his sentencing have not changed in a way that would warrant relief.

Consequently, based on the Court's analysis and balancing of the Section 3553(a) factors, a reduction in sentence to release Gasque is inappropriate.

## IV.    CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Gasque's motion to reduce his sentence is **DENIED.**

**IT IS SO ORDERED.**

Signed this 19th day of April 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE